## Sidney Love v. Frances Follows.

1. EVIDENCE—*Failing to Prove That for Which it Was Introduced.*— The fact that evidence when introduced fails to prove what was asserted to be its aim in its introduction affords no reason for refusing in advance to allow questions eliciting it to be asked.

Assumpsit.—Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

DANIEL H. PADDOCK, attorney for appellant.

E. E. DAY, H. L. RICHARDSON and B. F. STULL, attorneys for appellee.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

In this case appellee recovered judgment in the Circuit Court against appellant for $75 and costs.

The suit was based upon a note made by defendant's brother, Albert Love, to plaintiff, for money loaned, and an alleged arrangement assented to by all the parties subsequent to the making of the note by which defendant became liable to pay it. The evidence was directly contradictory. Plaintiff and her husband testified that Albert Love, the maker of the note, said that he had left $75 in the hands of defendant to pay off the note; that they each told defendant what Albert had said, and that defendant acknowledged having that amount due Albert Love, and assented to the arrangement by saying "All right." Defendant denied the conversations with him, and said that he paid the $75 referred to by plaintiff and her husband to Albert Love, by giving him $65 and applying $10 on a debt due himself. Defendant was corroborated to some extent about some other conversations, but did not succeed in impressing the jury or the trial judge with the correctness of his statements, and we think that they were justified in their conclusions.

Objection is made because plaintiff was allowed to interrogate defendant about the receipt by him, at the time Albert Love left the country, of the property which had belonged to Albert Love, and whether there was an arrangement between them that out of this property he was to pay Albert's debts. Plaintiff's counsel stated at the time that his purpose was to show such an understanding, and defendant's objection was overruled. In answer to the questions, defendant said that he received property and had realized $1,500, but that the property was received to pay debts of

Albert Love on which he and Mrs. Rantz were security, which did not include the debt to plaintiff. The evidence when introduced failed to prove what was asserted to be its aim in its introduction, but that afforded no reason for refusing in advance to allow the questions to be asked. The court instructed the jury that on those questions plaintiff made defendant her own witness and was bound by his answers and evidence concerning them. There was no error in giving instructions at the instance of plaintiff. The defendant asked the court to give this instruction:

"The plaintiff can not recover unless the defendant promised to pay the debt of Albert in writing." The court refused to give it, and there was no error in so doing. The arrangement amounted to a novation and the debt became a new one from defendant to plaintiff. The judgment is affirmed.